1
2
3
4
5
6
7

8           UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
9                      AT TACOMA

10  AMBER KUHN,

11          Plaintiff,

12      v.                                    Case No. C09-5325 RBL

13  WASHINGTON STATE DEPARTMENT OF            ORDER GRANTING DEFENDANTS'
    SOCIAL AND HEALTH SERVICES,                MOTION FOR FED. R. CIV. P. 35
14  WILLIAM DAVID ROTHSCHILD, in his           EXAMINATION
    individual capacity; LEWIS COUNTY;
15  HAROLD SPROUSE, in his individual
    capacity; ROBERT BISHOP, in his individual
16  capacity,

17          Defendants.

18

19      This matter comes before the Court on motion of the Washington State Department of

20  Social and Health Services and William David Rothschild (collectively, "State Defendants") for

21  entry of an order directing Plaintiff Amber Kuhn to submit to a Fed. R. Civ. P. Examination by

22  Kevin B. McGovern, Ph.D., to evaluate the existence and extent of her alleged damages.  Plaintiff

23  has not filed a timely response to the motion.  The Court has considered the motion, reply and the

24  remainder of the file, and **GRANTS** the motion as discussed herein.

25

26  ORDER - 1

## Introduction and Background

Ms. Kuhn filed the above-captioned lawsuit on June 4, 2009. Ms. Kuhn claims that Defendant Rothschild violated certain constitutional rights of Plaintiff and that the Department of Social and Health Services (DSHS) breached a duty of care owed to Plaintiff in investigating a report of child abuse. Dkt. 1 pg. 8, 10. Ms. Kuhn alleges that she "suffered mental anguish, and will continue to suffer such anguish, as well as other injuries." Dkt. 1, pg. 8. Ms. Kuhn seeks damages for past and future emotional distress, counseling expenses and reasonable attorney fees and costs. Dkt. 1 pg. 10.

Plaintiff's counsel has retained an "unidentified psychologist" to "evaluate and describe the emotional damage Defendants' acts caused the plaintiff." Dkt. 34 pg. 6-9. It is expected that Plaintiff will base her damages claim in large part on the testimony of the unidentified psychologist. Id. Defendants have retained Kevin B. McGovern, Ph.D., a psychologist, to conduct examinations in order to assess the nature and extent of the damages, if any, sustained by Ms. Kuhn and to rebut the claimed findings of Plaintiff's expert. Dkt. 34 pg. 11-12. Defendants have attempted to schedule Plaintiff's examination with Dr. McGovern to no avail. Dkt. 34 pg. 11- 28.

## Fed. R. Civ. P. 35 Examinations

Fed. R. Civ. P. 35 provides, in pertinent part:

**(a) Order for an Examination.**

> (1) *In General*. The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.
>
> (2) *Motion and Notice; Contents of the Order*. The order:
>   (A) may be made only on motion for good cause and on notice to all parties and the person to be examined;

The moving party must show that the plaintiff's condition that is the subject of the examination is genuinely in controversy and that good cause exists for ordering the particular

ORDER - 2

examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

Ms. Kuhn seeks damages related to the "mental anguish" she allegedly sustained as a result of Defendants' acts and/or omissions. Ms. Kuhn has retained a forensic expert to testify as to the nature and extent of her alleged damages. By claiming emotional damages and submitting to her own expert's examination, there is no genuine dispute that Ms. Kuhn has put her mental condition in controversy. Plaintiff has not filed any opposition to Defendants' motion. Accordingly, good cause exists to compel the examination.

## Conclusion

For the foregoing reasons, Defendants are entitled to an order compelling Plaintiff to submit to a Rule 35 examination by Dr. McGovern.

**ACCORDINGLY;**

**IT IS ORDERED:**

Defendants' Motion for Fed. R. Civ. P. 35 Examination [Dkt. 33] is **GRANTED.**

**1. Examiner.**

The independent psychological examination of Plaintiff Amber Kuhn will be conducted by forensic psychologist Kevin McGovern, Ph.D. of Portland OR 97209.

**2. Scheduling.**

Plaintiff will allocate two calendar days for the completion of the examination. Ms. Kuhn shall participate in and complete the examination on August 11 and 12, 2010. The examination will take place at Dr. McGovern's offices located at 1732 NW Quimby Street, Portland, Oregon, and will begin at 9:00 a.m. each day, unless otherwise directed.

**3. Examination.**

The examination will be divided into two parts. Part One consists of a battery of standard psychological tests acceptable in the field of forensic psychology. Part One will take place on August 11, 2010. Part Two will be Amber Kuhn's comprehensive clinical interview conducted by Dr. McGovern. Part Two will take place on August 12, 2010.
Each part of the examination (testing and clinical interview) is estimated to take approximately five (5) hours. The actual time required for each part may be slightly more or slightly less based on the subject's needs. The time required to complete each part shall include reasonable breaks to alleviate eye strain and fatigue but will not include the time required for a lunch break or other longer mid-day break.

ORDER - 3

Each part of the examination will consist of the following components:

**A.   Psychological Testing.**

Dr. McGovern will administer to Plaintiff a battery of standard psychological tests which may include, but may not be limited to, the following:
Minnesota Multiphasic Personality Inventory II
Kaufman Brief Intelligence Test, Third Edition
Achenbach Adult Self Report
Symptom Checklist
Social History Questionnaire
Malingering Probability Scale (MPS)
Dr. McGovern reserves the right to add additional testing or to not administer testing identified above as may be necessary to accommodate the subject's special needs identified at the time of test administration, if any, and on his professional judgment.

**B. Clinical Interview.**

The comprehensive clinical interview will be conducted by Dr. McGovern and will consist of a series of one on one interviews or conversations with Ms. Kuhn. Interviews will be conducted in accordance with accepted practices within the profession of forensic psychologists.

**4. Observers.**

A.  An observer may be present at the time of the clinical interviews. That observer may not be an immediate family member. The observer may not take an active role in the assessment nor engage the subject in any way during sessions. The subject may not consult with the observer about interview topics during or between interview sessions.
B. An observer may not be present during the test taking.

**5. Tape Recording.**

The clinical interview may be audio taped, so long as that process is not a distraction from the interview session. Dr. McGovern will require a one week notice of plaintiff's intent to audiotape the interview. The interview sessions may not be video taped. Testing sessions may not be audio or video taped.

**6. Report:**

Counsel for plaintiffs will be provided with a copy of the written report prepared by Dr. McGovern pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**7. Deposition:**

Counsel for plaintiffs will be permitted to depose Dr. McGovern pursuant to Fed. R. Civ. P. 26(a)(4)(A) and Fed. R. Civ. P. 30.

ORDER - 4

**8. Completion of Evaluation.**

The parties agree that the defendant shall be allowed to conduct and complete the psychological evaluation of the plaintiff within the parameters and under the schedule set forth herein at Paragraphs 2 through 5. Should the testing (Part One) and interview (Part Two) commence on the days set forth herein, but are not completed during those days, the parties agree that the reasons for the non-completion will be provided to counsel for the parties so that the appropriate course of action can be determined by the parties. It is anticipated that Plaintiff will cooperate fully with the terms of this stipulation and make herself available for and fully participate in this evaluation process.

**9. Expert Disclosure Deadline.**

The parties acknowledge the expert disclosure deadline in this case is October 20, 2010.

DATED this 9th day of August, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 5